IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RUBEN HERNANDEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO._____ |
| | § | |
| ALLSTATE INDEMNITY COMPANY | § | JURY DEMANDED |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ALLSTATE INDEMNITY COMPANY, Defendant in the above cause, and pursuant to Rule 15 of the Federal Rules of Civil Procedure and 28 U.S.C. Sections 1441 and 1332, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

### I.

### BACKGROUND

1. Petitioner is the Defendant in a civil action now pending in the 92nd Judicial District Court of Hidalgo County, Texas, Cause Number C-0168-23-A, styled Ruben Hernandez v. Allstate Indemnity Company, wherein Plaintiff seeks monetary relief for contractual and extra-contractual causes of action arising out of a claim for home damage allegedly caused by a May 12, 2021, weather event.

### II.

### BASIS FOR REMOVAL

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendant is diverse in citizenship from the Plaintiff. Defendant is not a citizen of the State of Texas.

3. The district courts of the United States also have original jurisdiction over this action based

1

on the amount in controversy, which exceeds the sum or value of $75,000.00.

### III.

### DIVERSITY IN CITIZENSHIP

4. The Plaintiff, Ruben Hernandez, is domiciled in Hidalgo County, in the State of Texas, and was domiciled there at the time this action commenced. Plaintiff was at that time and is now a citizen of the State of Texas.

5. The Defendant, Allstate Indemnity Company, is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced in Northbrook, Cook County, in the State of Illinois. Defendant is now, and was at the time this action was commenced, a citizen of the State of Illinois and of no other state.

6. Accordingly, diversity of citizenship exists among the parties.

### IV.

### AMOUNT IN CONTROVERSY

7. The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

8. On or about January 11, 2023, Plaintiff filed his Original Petition wherein he alleged contractual and extra-contractual causes of action against Allstate Indemnity Company.[1] In his petition, he alleged, in part, consequential damages, prompt payment of claims interest, prejudgment interest, attorneys' fees, treble damages, and exemplary damages.[2]

9. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 553 (2014). If not contested by the Plaintiff or questioned by the

---

[1] A true and correct copy of Plaintiff's Original Petition dated January 11, 2023, is attached hereto and incorporated herein as **Exhibit "A."**
[2] Id. at pp. 6-7

court, courts should accept the amount in controversy allegation in the Notice of Removal. *Id.* at 87. If the Plaintiff challenges, the district court then considers whether the defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 88.

10. Defendants may carry their burden "if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Co. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Thus, the complaint itself can provide adequate evidence to show the amount in controversy, even once the plaintiff has challenged it.

11. It is well-settled that items to be considered in determining the amount in controversy for diversity jurisdiction include penalties, statutory damages, and punitive damages. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Toney v. State Farm Lloyds*, 661 F. App'x 287, 290 (5th Cir. 2016) and *Sotello v. Allstate Fire & Cas. Ins. Co.*, No. 5:20-CV-1303-DA3, 2021 U.S. Dist. LEXIS 81706, at **6 (W.D. Tex. Feb. 22, 2021). It is also well settled that "the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

12. Here, Plaintiff's Complaint alleges that "Plaintiff's property sustained covered losses when a windstorm damaged the property."[3] Plaintiff submitted a claim to Defendant… for damages to his roof as well as exterior repairs to windows, and A/C condenser fins.[4] Plaintiff further

---

[3] See Exhibit A at p. 2.
[4] A true and correct copy of Plaintiff's estimate dated December 17, 2021, is attached hereto and incorporated herein as **Exhibit "B."**

3

alleged that ALLSTATE INDEMNITY COMPANY was liable for Breach of Contract, Violations of Section 541 of the Texas Insurance Code, Violation of Section 542 of the Texas Insurance Code, Violations of the DTPA, and Breach of the Duty of Good Faith and Fair Dealing.[5]

13. Under the "Damages" section of his Complaint, Plaintiff stated he is entitled to benefit of the bargain, attorney's fees, actual damages, court costs, <u>treble damages</u>, Prompt Payment of Claims interest, compensatory damages, additional costs, economic hardship, and exemplary damages.[6]

14. As stated above, Plaintiff did not submit a binding stipulation with his Complaint (or ever) that he would neither seek nor accept a sum of $75,000.00, excluding interest and costs, nor has he alleged that he so limited his damages prior to (or even subsequent to) removal. Such a binding stipulation is necessary to prove that damages are below the jurisdictional threshold, since otherwise a plaintiff could simply amend his petition to increase his damages claim upon remand. See *Gates v. Allstate Tex. Lloyd's*, 267 F. Supp. 3d 861, 870 (W.D. Tex. 2016).

15. While Allstate Indemnity Company denies any breach of contractual or extra-contractual allegations, the fact remains that in determining the amount in controversy, the issue is what Plaintiff claims, not whether he "is likely to win or be awarded everything he seeks." *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). Plaintiff's refusal to irrevocably limit his damages to below the jurisdictional amount must give rise to the inference that he does not believe they are so limited.

16. Further, prior to litigation, Plaintiff obtained an estimate from Carava Investments, LLC, for

---

[5] See Ex. A. at pp. 3-6 (emphasis added).
[6] *Id*. at pp. 6-7.

$24,811.24 for the removal and replacement of the dwelling roof, exterior repairs to windows, and AC condenser fins.[7] Additionally, Plaintiff sent a pre-suit demand letter dated February 17, 2022 (a year ago), in which he stated that his attorneys' fees to date are "at least $8,000.00."[8]

17. In *Suarez v. Allstate Texas Lloyds*, Judge Micaela Alvarez was confronted with a pre-suit demand letter that was below the jurisdictional threshold and a complaint that asserted treble damages. In that case, the demand letter sought property damages of $39,482.70 plus $5,922.30 in mental anguish and $18,162.00 for attorney's fees, for a total of $63,567.00. *See* No. 7:14-CV-653, 2014 U.S. Dist. LEXIS 198333 (S.D. Tex. Dec. 30, 2014) at *4.

18. As Judge Alvarez wrote in denying the motion to remand: "[b]ecause Plaintiff's amended complaint seeks treble damages for alleged 'knowing and/or intentional' violations of the Texas Deceptive Trade Practice act, 'this amount alone would exceed the jurisdictional threshold by totaling $118,448.10 [$39,482.70 x 3]." *Id*. Further, "[g]iven that the demand letter requests $63,567.00 to settle the claim, it would take only a marginal increase in cost—treble damages, attorney's fees from the past eleven months, the per annum penalty, statutory fees, or punitive damages—to satisfy the amount in controversy. In fact, Plaintiff's requested treble damages alone far exceed $75,000.00. *Id*. at *5. *See also Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920 (S.D. Tex., Feb. 18, 2016) (wind/hail case in which pre-suit demand below the jurisdictional threshold did not control as demand's damages model did not include punitive damages but the complaint did).

19. Here, the treble damages for Plaintiff's claimed $24,811.24[9] in economic damages would total $74,433.72. If we were to add the amount of attorney's fees stated in Plaintiff's pre-suit

---

[7] *See* Ex. B.
[8] A true and correct copy of Plaintiff's February 17, 2022, is attached hereto and incorporated herein as **Exhibit "C."**
[9] *See* Ex. B.

demand letter of "at least" $8,000.00[10] incurred through February 17, 2022 (a year ago), Plaintiff's damage model would exceed the jurisdictional threshold. This is without even considering the alleged damages owed in the form of pre-judgment interest, Chapter 542 Prompt Payment of Claims penalties, exemplary damages, court costs, mental anguish damages, or the additional attorney's fees and expenses incurred since the submittal of the pre-suit demand letter dated February 17, 2022.

20. As it stands, and based on the live pleadings, if Plaintiff were to prevail on the claims against Defendant, Plaintiff would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00). The applicable policy provides dwelling limits of 301,397.00, other structures limits of $30,140.00, and contents coverage of $15,070.00[11]

21. Accordingly, considering all damages Plaintiff would be entitled to, should it prevail, and the aforementioned damages sought in its live pleadings, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

V.

**APPLICABLE STATUTES**

22. Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the Plaintiff and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00.

23. This notice of removal is being filed timely under 28 U.S.C. §1446(b)(1) – within thirty days after the receipt of a copy of the initial pleading.

24. This action is one over which this Court has original jurisdiction under the provisions of 28

---

[10] *See* Ex. C.
[11] A true and correct copy of the insurance policy's declarations pages are attached hereto and incorporated herein as **Exhibit "D."**

U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

## VI.

## PRAYER

25. WHEREFORE, ALLSTATE INDEMNITY COMPANY, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action for trial from the 92nd Judicial District Court in Hidalgo County, Texas, to this Court on this 17th day of February 2023.

Respectfully submitted,

By: /s/ *Raul De La Garza*
Rosemary Conrad-Sandoval
State Bar No. 04709300
Federal ID No. 13738
Raul De La Garza
State Bar No. 24087394
Federal ID No. 2328369
Attorneys-in-charge
Of Counsel
ROERIG, OLIVEIRA & FISHER, L.L.P.
10225 North 10th Street
McAllen, Texas   78504
(956) 393-6300
(956) 386-1625 (Fax)

ATTORNEYS FOR DEFENDANT

## VERIFICATION

THE STATE OF TEXAS     :
                       :
COUNTY OF HIDALGO      :

I, Raul De La Garza, being first duly sworn, depose and say that: I am counsel for Petitioner, ALLSTATE INDEMNITY COMPANY. I am familiar with the contents of the above and to the best of my knowledge the contents thereof are true and correct.

_____
RAUL DE LA GARZA

SUBSCRIBED AND SWORN TO BEFORE ME by the said RAUL DE LA GARZA, this 17th day of February 2023, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

NAIELA RAMIREZ
NOTARY PUBLIC
ID# 132830454
State of Texas
Comm. Exp. 12-17-2024

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the below counsel of record in accordance with the Federal Rules of Civil Procedure:

***Via E-Service and Email*:**
Robert A. Pollom
LOYD & POLLOM, PLLC
12703 Spectrum Dr., Suite 201
San Antonio, Texas 78249
robert@lp-lawfirm.com


on this 17th day of February 2023

                    */s/ Raul De La Garza*
                    Raul De La Garza